**RIDDLE v. BROWN, Dist. Atty. (No. 164.)**

(Court of Civil Appeals of Texas. Eastland. Dec. 11, 1925.)

**1. Intoxicating liquors ⚍275—Evidence held insufficient to sustain injunction restraining sale and possession of intoxicating liquors.**

Evidence *held* insufficient to sustain temporary injunction restraining defendant, a gro-

cer, from selling and possessing intoxicating liquors, where respondent was shipped 'intoxicating liquor not ordered by him, and only evidence of sale was fact one case was open.

**2. Intoxicating liquors ⬥275—Petition to restrain sale and possession of liquor should not be granted, unless facts justify and support petition, merely because it would do no harm.**

State's petition for injunction restraining sale and possession of intoxicating liquor should not be granted, where facts do not justify and support petition, merely because it would do no harm.

Appeal from District Court, Stephens County; O. O. Hamlin, Judge.

Suit for injunction by Paul G. Brown, District Attorney of Stephens County, against M. C. Riddle. From judgment overruling motion to dissolve a temporary injunction, the respondent appeals. Judgment reversed, injunction dissolved, and judgment certified to lower court.

Arrington & Routh, of Breckenridge, for appellant.

Paul G. Brown, of Breckenridge, for appellee.

RIDGELL, J. This suit was filed in the name of the state, on relation of Paul G. Brown, district attorney of Stephens county, in which suit temporary injunction was granted restraining the appellant from selling and possessing spirituous, vinous, and intoxicating liquors, capable of producing intoxication, the petition being in the proper form and containing the statutory allegations in what we term liquor injunction suits. The district court granted the writ, and appellant filed a motion to dissolve, which was overruled by the court, and the action of the court in refusing to dissolve and in continuing the injunction in force is before us for review. The right of the state to the injunction if the facts sustain it is well settled, and is a resort commendable when the facts justify.

[1] The only assignment necessary for our consideration is whether or not under the facts the court was justified in overruling the motion to dissolve and in continuing the injunction in force and effect. The facts show that appellant was a merchant in the city of Breckenridge, engaged in buying and selling at retail groceries and merchandise usually sold by a retail grocery store; that the appellant carried in stock lemon extract, jamaica ginger, and like articles, generally used for culinary purposes. The facts show that the sheriff of Stephens county obtained a search warrant, and by virtue of same searched the grocery store of appellant, and among other articles found about seven cases of tincture of ginger. The undisputed facts show that appellant ordered what is called trime ginger extract, and that this tincture of ginger was sent by mistake, or at least was not ordered by him from the wholesale house. The facts show that appellant was making no secret of the possession of these articles and as to how he came into possession of same. There is no evidence of any sale of same, only that one of the cases was under the counter open. The state makes no contention of any sale, but relies entirely upon the question of possessing the article for sale. The bottle itself shows that same contains 93 per cent. alcohol. The facts show from different salesmen of Harnett & Co. and Wooten & Co. that all grocery stores generally handle extract of ginger. There is no evidence that appellant ever made a sale of extract of ginger for beverage purposes, and the evidence excludes the idea that this grocery store was a resort, or that persons under the influence of intoxicating liquor frequented the place. The only evidence really supporting the contention of the state is the testimony of Mr. Woods, deputy sheriff, that some days before this search he heard the defendant make a remark that he sold as much jake as anybody.

Under all the facts in the record, and it is not necessary to recite further evidence to support our conclusion, it is clear to our minds that the evidence is insufficient to support the judgment. If this appellant was possessing jamaica ginger or any other intoxicating liquor and selling same for beverage, then there would be ample justification for this judgment. We might state the record shows the grand jury investigated this matter and refused to return an indictment against appellant.

[2] It might be urged that the injunction would not hurt anything if the appellant was not guilty of violating the law in selling such articles. But that is not the intention of the law to enjoin a man from doing something that is speculative and that he might do in the future. No citizen of our state should have held over him an injunction merely because the state might believe that he was violating the law. Such is not the policy and the intention of the law, and, unless the facts justify and support the petition of the state for injunction, the remedy should not be resorted to or exercised.

The facts in this case being insufficient, the judgment of the trial court will be reversed, the injunction dissolved, and this judgment certified to the lower court for observance.